Jesse T. Newman, and Simon P. Newman, Plaintiffs in Error, *v.* James Bennett, Defendant in Error.

ERROR TO MORGAN.

The demand of one who stands in *loco parentis*, is sufficient in a case of replevin.

A demand from one of two parties will, in the Supreme Court, he held sufficient; such an objection to avail should be taken advantage of in the lower court.

A demand of B.'s stock, where it is known from the circumstances, that a lot of cattle were intended, is good.

This was an action of replevin, by defendant in error. Pleas: 1, *non cepit;* 2, *non detinet.*

The jury found the property replevied to be the property of B.

The court, in behalf of the plaintiff, gave the following instruction, to which the defendants excepted:

If the jury believe, from the evidence in this case, that the plaintiff has proven that he was owner of the stock at the time of the institution of this suit, and that the plaintiff was a minor, living with H. R. Gillespie, acting as his parent, and that said Gillespie, for the plaintiff, demanded the property in controversy before the institution of this suit, that then the plaintiff is entitled to a verdict in this case.

The defendants asked the following instructions:

The court instructs the jury that before they can find a verdict for the plaintiff, they must believe, from the evidence, that before the institution of this suit a demand for the property in controversy was made on the defendants, either by the plaintiff or his authorized agent.

The court also instructs the jury, that if they believe, from the evidence, that the only demand upon the defendants for the property in controversy, was made by H. R. Gillespie, and that the said Gillespie was not the legally appointed guardian of the plaintiff at the time of the demand, then such demand was not authorized by law, and the defendants were not bound to regard it.

The court also instructs the jury, that if they believe, from the evidence, that the only authority which H. R. Gillespie had to demand the property in controversy, of the defendants, was that derived from the relation which he sustained to the plaintiff as a member of his family, then the said Gillespie had no legal authority to make such demand, and the defendants were not bound to regard it.

The court gave the first instruction as asked by defendants, but refused the other two; to which refusal defendants excepted.

Defendants then entered a motion for a new trial which was denied.

The property replevied in this case was two cows, two calves, and two steers.

Errors assigned: The court erred in refusing to instruct the jury as in case of a non-suit; in overruling the motion for a new trial; and in rendering judgment against both of the defendants.

KNAPP & CASE, for Plaintiffs in Error.

D. A. SMITH, for Defendant in Error.

BREESE, J. The facts in this case abundantly show that Gillespie stood to Bennett, the minor, in *loco parentis*, and had the care of the stock of cattle claimed by Bennett. He was, therefore, well authorized to make a demand of the property before suit brought. Blackstone says, (1 Bl. Com. 450,) that a parent may, by our law, maintain and uphold his children in their law-suits, without being guilty of the legal crime of maintaining law-suits. *A fortiori*, he can demand his child's property from a wrong doer. That demand was sufficient, though he did not specify each article composing the stock. A demand of "Bennett's stock," if not objected to at the time, and no claim made that the demandant should be more specific, is sufficient. The defendants well

knew, from the circumstances under which it was placed in their possession, that it was a stock of cattle—a collected number, feeding and ranging together—and the demand for the stock as stock was good.

As to the objection that the verdict is against both the Newmans, when the demand was proved against one of them alone, that cannot avail here, as it was not made in the court below, where it might have been rectified. The case in 1 Cowen, 322, was a case in trover, and a conversion not being proved against both, the verdict was set aside. So in 4 Hill, 13, unless the defendants are shown to have been partners, in which case, a demand on one would have been sufficient. It would not be a violent presumption in this case, from the fact that the property was in possession of J. T. and S. P. Newman, that they were partners in its custody. There is no dispute about the ownership of this property—the defendants conceding that it was Bennett's property. To sustain the verdict, we will consider the Newmans as partners in this particular transaction.

The instructions given were correct, and those refused, were properly refused.

The judgment is affirmed.

*Judgment affirmed.*